IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| **GRISSELL MALDONADO,** | : | CIVIL ACTION NO. 06-2481 |
| Plaintiff, | : |  |
|  | : |  |
| vs. | : |  |
|  | : |  |
| **UNUM LIFE INSURANCE COMPANY OF AMERICA, ET AL.** | : |  |
| Defendants. | : |  |

## MEMORANDUM AND ORDER

**TUCKER, J.**

Presently before this Court is Defendants Unum Life Insurance Company of America, and Community Education Partners & its wholly owned subsidiaries' unopposed Motion to Dismiss Counts I, II, and III of Plaintiff's Complaint (Document No. 2). For the reasons set forth below, upon consideration of the unopposed motion, this Court will grant Defendants' Motion to Dismiss.

## BACKGROUND

On or about May 2006, Plaintiff, Grissell Maldonado, filed this lawsuit in the Philadelphia County Court of Common Pleas to recover disability benefits under a group short and long term disability plan, administered by Defendant Unum Life Insurance Company of America ("Unum") on behalf of Plaintiff's employer, Defendant Community Education Partners and its wholly owned subsidiaries ("CEP"). Plaintiff's Complaint alleges various state law claims against Defendants. On or about January 4, 2001, Defendants filed a Notice of Removal to the United States District Court for the Eastern District of Pennsylvania. Defendants subsequently filed this Motion to Dismiss.

1

**STANDARD OF REVIEW**

In considering a motion to dismiss under Rule 12(b)(6), the court "must take all the well pleaded allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the pleadings, the plaintiff may be entitled to relief." Colburn v. Upper Darby Township, 838 F.2d 663, 665-66 (3d Cir. 1988) (citations omitted), cert. denied, 489 U.S. 1065, 109 S. Ct. 1338, 103 L. Ed. 2d 808 (1989); see Rocks v. City of Philadelphia, 868 F.2d 644, 645 (3d Cir. 1989). The court must decide whether "relief could be granted on any set of facts which could be proved." Ransom v. Marrazzo, 848 F.2d 398, 401 (3d Cir. 1988). A motion to dismiss may be granted only "if appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 102, 2 L. Ed. 2d 80 (1957).

**DISCUSSION**

Under U.S.C. § 1002(1)(A)(1982) provides: "any plan established or maintained by an employer for the purposes of providing benefits in the event of disability is an employee benefit plan for purposes of Employment Retirement Income Security Act (ERISA)." In the present matter, Plaintiff has sued as a beneficiary under a group policy issued by her employer, therefore, her action is governed by ERISA. Section 502(a)(1)(B) of ERISA of 1974 which provides that a participant or beneficiary may bring a civil action to, *inter alia*, recover benefits due to her under the terms of an employee benefit plan. The Supreme Court has held that in enacting the civil enforcement provisions of section 502(a) of ERISA, Congress intended to completely preempt state law. See Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41, 56 (1987). This Court finds that Plaintiff's state claims are preempted by ERISA.

Under ERISA, there are two types of preemption, express and complete. ERISA's express preemption provision, Section 514(a) which provides that ERISA "shall supersede any and all State laws

insofar as they may now or hereafter relate to any employee benefit plan . . ." 29 U.S.C. § 1144(a).  "State law claims that are subjected to express preemption are displaced and thus subject to dismissal." In re U.S. Healthcare, Inc., 193 F.3d 151, 160 (3d Cir. 1999); see also Metropolitan Life Ins. Co. v. Massachusetts, 471 U.S. 724, 739 (1985).  This Court finds that Count II, Plaintiff's statutory state law bad faith claim, relates to an employee benefit plan and is expressly preempted by Section 514(a) of ERISA.  Therefore, this Court grants Defendant's Motion to Dismiss Count II of Plaintiff's Complaint with prejudice.

Count III, which alleges violations of the Unfair Trade Practices and Consumer Protection Law pursuant to 73 Pa. C.S.A § 201-1 et. seq., will also be dismissed.  The statute prohibits unfair methods of competition and unfair or deceptive acts or practices in the conduct of "any trade or commerce."  See 73 Pa.C.S.A. § 201-3.  Claims that relate to employee benefit plans brought pursuant to the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201-1 et. seq., are expressly preempted by ERISA.  Maldonado's Consumer Protection Law claim relates to her employee benefit plan and is therefore expressly preempted by ERISA.  See Kineg v. Hartford Life & Accident Ins. Co., No. 05-0359, 2005 U.S. Dist LEXIS 8142, *8-9 (E.D. Pa. May 4, 2005); See also Gilbertson v. Unum Life Ins. Co. of America, No. 03-5732, 2005 U.S. Dist. LEXIS 12240, *8-9 (E.D. Pa. June 21, 2005.)

Finally, Plaintiff's breach of contract claim, Count I, also "relates to" an employee benefit plan, is preempted and thereby dismissed.  See Pilot Life Ins. v. Dedeaux, 481 US 48, 41 (1987) (ERISA preempts State law actions for breach of contract.)

## **CONCLUSION**

Based on the foregoing, this Court grants Defendant's Motion to Dismiss Counts I, II, and III  of Plaintiff's Complaint with prejudice.  An appropriate order follows.